IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| THE COCA-COLA COMPANY,<br><br>              Plaintiff,<br><br>   v.<br><br>IRA LANDE and ANTHONY FORTUNA,<br><br>              Defendants. | CIVIL ACTION FILE NO.:<br>1:19-cv-1741-WMR |

## ORDER

This matter is before the Court on The Coca-Cola Company's Motion to Dismiss Counterclaim [Doc. 19]. After due consideration of the pleadings, the parties' respective briefing, and oral argument from counsel, the Court finds and rules as follows.

## I.    FACTUAL BACKGROUND

This is an interpleader action brought by The Coca-Cola Company ("Coca-Cola") regarding benefits payable under The Coca-Cola Company Compensation Deferral & Investment Program (the "CDIP"), an employee-benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Each Defendant claims to be the beneficiary entitled to the same one-fourth share of the benefits payable from the CDIP account of decedent Theresa Lande, a former Coca-Cola employee (the "Disputed

Funds"). [Doc. 1 ¶¶ 16-26].

In his Answer, Defendant Lande asserted a nine-count Counterclaim against Coca-Cola, which includes eight state law claims and one ERISA claim. [Doc. 10]. Lande's Counterclaim seeks a money judgment against Coca-Cola "in an amount not less than the Disputed Funds." [*Id*. at Countercl. ¶¶ 25, 32, 37-38, 42-43, 47, 50, 56, 59, and unnumbered prayer for relief].

On July 12, 2019, Defendant Fortuna moved for summary judgment, seeking a judicial determination that he, not Defendant Lande, was the rightful beneficiary of the Decedent's benefits payable from the CDIP. [Doc. 21]. This Court granted summary judgment to Defendant Fortuna on October 9, 2019. [Doc. 32]. Coca-Cola now moves to dismiss all of Defendant Lande's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 19].

## II. LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "assume that the factual allegations in the complaint are true and give the [claimant] the benefit of reasonable factual inferences." *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir.

2005) (quoting *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true.  *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (construing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Mere "labels and conclusions" are insufficient.  *Twombly*, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  *Am. Dental*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 679).  "[W]hen plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'"  *Id.* at 1289 (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

### A. <u>Defendant Lande's State Law Claims</u>

In Counts I through IV and VI through IX, Lande asserts eight claims under Georgia law against Coca-Cola. Specifically, Lande's state law claims are as follows:

- Count I (Detrimental Reliance/Promissory Estoppel) alleges that Coca-Cola failed to "honor the beneficiary designations set forth in the 2016 Beneficiary Form and Mrs. Lande's wishes as to the payment of her CDIP proceeds." [Doc. 10, Countercl. ¶ 20].

- Count II (Negligent Misrepresentation) alleges that Coca-Cola "def[ied] Mrs. Lande's wishes as to the management and direction of Mrs. Lande's . . . CDIP proceeds." [*Id.* ¶ 31].

- Count III (Breach of Fiduciary Duty and Duty of Care) alleges that Coca-Cola breached a duty imposed on it by "[t]he CDIP and applicable law" to "hold, manage, and distribute the CDIP benefits for participants and beneficiaries, including Ira Lande." [*Id.* ¶ 34].

- Count IV (Breach of Contract/CDIP) alleges that Coca-Cola "breached its contractual obligations under the CDIP" by "failing to hold, manage, and distribute the Disputed Funds to Ira Lande." [*Id.* ¶ 40].

- Count VI (Waiver) alleges that Coca-Cola "waived its apparent decision to rescind its acceptance of the 2016 Beneficiary Form and its refusal to pay the Disputed Funds to Ira Lande." [*Id.* ¶ 49].

- Count VII (Attorney's Fees and Expenses of Litigation) alleges that Coca-Cola "has acted in bad faith, has been stubbornly litigious, and has caused Ira Lande unnecessary trouble and expense." [*Id.* ¶ 52].[1]

- In Counts VIII and IX, Lande seeks "indemnification" and "contribution" from Coca-Cola "in the amount not less than the Disputed Funds." [*Id.* ¶¶ 56, 59].

Coca-Cola argues that all eight state law claims are defensively preempted by ERISA § 514, 29 U.S.C. § 1144(a) and asks this Court to dismiss the state law claims pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 19-1 at 4-7]. In response, Lande argues his state law claims are not completely preempted and asks the Court to apply the test articulated in *Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004). [Doc. 26 at 4-9].

*Davila*, however, concerns the doctrine of "complete preemption," which is an exception to the "well-pleaded complaint" rule. "Complete preemption" permits state law claims to be removed to federal court even when federal question jurisdiction is not apparent on the face of the complaint. *Davila*, 542 U.S. at 207; *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005). "Under th[e complete preemption] doctrine, Congress may preempt an area of law so

---

[1] Count VII invokes the express terms of O.C.G.A. § 13-6-11 and is derivative of Lande's other state law claims. *See Perkins v. Thrasher*, 701 F. App'x 887, 891 (11th Cir. 2017) (A claim for "attorney's fees under O.C.G.A. § 13-6-11 [is] derivative of Georgia tort law claims and thus require[s] an underlying claim.").

completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." *Cotton*, 402 F.3d at 1281 (quoting *Kemp v. IBM Corp.*, 109 F.3d 708, 712 (11th Cir. 1997)).  *Davila* and *Cotton* established that ERISA is such an area of the law.

But, *complete* preemption is not at issue in this case.  This case was initiated in this Court, and there is no dispute that federal question jurisdiction exists.  [*See* Doc. 1, Compl. ¶ 6; Doc. 9, Fortuna Answer ¶ 6; Doc. 10, Lande Answer ¶ 6; Doc. 10, Countercl. ¶ 3.]  Instead, Coca-Cola's arguments are based on *defensive* preemption, which arises under ERISA's express preemption provision, § 514(a), 29 U.S.C. § 1144(a).  Thus, defensive preemption is based on ERISA's express statutory provision, separate and apart from the judicial doctrine of complete preemption, and its application is determined by a different test.  *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344-45 (11th Cir. 2009) (explaining that "a state-law claim may be defensively preempted under § 514(a), but not completely preempted under § 502(a)." (quoting *Cotton*, 402 F.3d at 1281)).

ERISA's defensive preemption provision provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  ERISA § 514(a), 29 U.S.C. § 1144(a).  The Supreme Court has

given the statute's phrase "relate to" a "broad common-sense meaning, such that a state law relate[s] to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (internal quotation marks and citation omitted).  ERISA, thus, preempts state law claims "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits" under an ERISA-governed plan. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).

Here, Lande's state law claims are preempted because their allegations demonstrate, on their face, that the claims are necessarily "intertwined with the refusal to pay benefits" under an ERISA plan. *Id*.  All eight counts incorporate the allegation that Coca-Cola caused "injury and damages" to Lande by "declining to pay the Disputed Funds" to him. [Doc. 10, Countercl. ¶¶ 18, 19, 26, 33, 39, 48, 51, 54, 57.]  Each count then goes on to allege a specific action or inaction by Coca-Cola concerning the CDIP and the Disputed Funds that caused Defendant Lande to suffer damages in "an amount not less than the Disputed Funds." [*Id.* ¶¶ 25, 32, 38, 43, 50, 56, 59.]  Additionally, courts routinely dismiss similar state law claims with such a close connection to the refusal to pay benefits under ERISA plans. *See Garren*, 114 F.3d at 187-88 (affirming dismissal of state law claims); *see also Shipman v. Royal Am. Mgmt. Inc.*, No. 5:11-cv-346, 2012 WL 592914, at

7

\*2 (N.D. Fla. Feb. 23, 2012) (dismissing as defensively preempted a purported beneficiary's promissory estoppel claim against the employer); *Comprehensive Care Corp. v. Doughtry*, 682 F. Supp. 516, 518 (S.D. Fla. 1988) (negligent misrepresentation); *Zahm v. Metro. Life Ret. Plan*, No. 2:06-cv-204, 2007 WL 9711134, at \*4 (S.D. Ga. Feb. 22, 2007) (breach of fiduciary duty); *Anderson v. Life Ins. Co. of N. Am.*, No. 1:11-cv-2922, 2012 WL 13055953, at \*7 (N.D. Ga. July 5, 2012) (breach of contract); *Gross v. St. Agnes Health Care, Inc.*, No. 12-cv-2990, 2013 WL 4925374, at \*11 (D. Md. Sept. 12, 2013) (waiver); *Herman v. Wolfe*, No. 96-cv-4801, 1998 WL 42356, at \*4 (N.D. Ill. Jan. 28, 1998) (indemnification and contribution).

Because Counts I through IV and VI through IX of the Counterclaim are defensively preempted by ERISA, the Court finds they must be dismissed. *See Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006) ("[D]efensive preemption [by ERISA] is a substantive defense, justifying dismissal of preempted state law claims."). Moreover, because ERISA preempts these state law claims, the Court need not reach the question of whether they state a claim under Georgia law. *See Garren*, 114 F.3d at 187. Therefore, Coca-Cola's Motion to Dismiss Counterclaim is **GRANTED** as to Counts I through IV and VI through IX of the Counterclaim.

B.  Defendant Lande's ERISA Claim

In Count V of the Counterclaim, Lande's only remaining claim, Lande seeks to recover the Disputed Funds under ERISA's statutory claim for benefits, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).  [Doc. 10, Countercl. ¶¶ 45, 47.][2] Whether Lande is the beneficiary entitled to the Disputed Funds, however, is the precise question before the Court in the underlying Interpleader, which the Court already resolved against Lande by granting Defendant Fortuna's Motion for Summary Judgment.  [Doc. 32].  As courts within the Eleventh Circuit and elsewhere have recognized, interpleader defendants are barred from asserting counterclaims that duplicate their claims in the underlying interpleader.  *See Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009), *cited with approval in Ohio Nat'l Life Assur. Corp. v. Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009); *Am. Gen. Life Ins. Co. v. Miller*, No. 1:12-cv-3677, 2013 WL

---

[2] Count V also cites ERISA's "catch all" provision for equitable relief, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Coca-Cola argued in its Motion to Dismiss that Lande cannot maintain a claim under that provision.  [Doc. 19-1 at 7-8.]  As Lande did not respond to that portion of the Motion, the Court finds that Lande's ERISA claim is limited to the claim for benefits in 29 U.S.C. § 1132(a)(1)(B).  *See, e.g.*, *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1286-87 (11th Cir. 2003) (explaining that the district court erred in awarding relief under Section 502(a)(3) "because the [plaintiffs] principally sought recovery of benefits under the Plan, which would be adequately addressed by a claim under Section 502(a)(1)(B)").

12063898, at *3-4 (N.D. Ga. Apr. 12, 2013) (granting Rule 12(b)(6) motion to dismiss duplicative counterclaim under *Hovis*).  Accordingly, Coca-Cola's Motion to Dismiss is **GRANTED** as to Count V of the Counterclaim.

## IV.   CONCLUSION

Upon the Court's consideration of the pleadings, arguments of counsel at the September 17, 2019 hearing, and all appropriate matters of record, it is hereby **ORDERED** that Plaintiff The Coca-Cola Company's Motion to Dismiss Counterclaim [Doc. 19] is **GRANTED**.  Defendant Ira Lande's Counterclaim [Doc. 10] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 31st day of October, 2019.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE